**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL RAY SWANSON, | No. 20-35126 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02148-JR |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Michael Ray Swanson appeals pro se from the district court's summary

judgment in his Federal Tort Claims Act ("FTCA") action arising from his time at

Camp Lejeune in North Carolina. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2018).  We affirm.

The grant of summary judgment, construed as a dismissal for lack of jurisdiction, was proper because Swanson's injuries were sustained incident to military service.  *See Feres v. United States*, 340 U.S. 135, 146 (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."); *Monaco v. United States*, 661 F.2d 129, 132-33 (9th Cir. 1981) (negligence claims barred by the *Feres* doctrine because the alleged negligence, exposure to radiation, occurred while plaintiff was on active duty); *see also Jackson v. United States*, 110 F.3d 1484, 1486 (9th Cir. 1997) ("A motion to dismiss pursuant to the *Feres* doctrine, even if raised after the answer to the complaint, should be treated as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) rather than as a motion for summary judgment.").

We reject as without merit Swanson's contentions that the district court was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Swanson's motion to expedite the case (Docket Entry No. 25) is denied.

**AFFIRMED.**